## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 18-00810 (KBJ/RMM) |
| | ) |
| JOHN DOE, | ) |
| *Subscriber IP Address 66.44.31.160* | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3 Holdings") Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). *See* ECF No. 3. Strike 3 Holdings seeks leave to serve a third-party subpoena on RCN Telecom Services LLC ("RCN") in order to discover Defendant John Doe's ("Defendant") name and address. *See* Mot. Leave to Serve Third Party Subpoena ("Mot."), Mem. in Supp. ("Mem. in Supp.") at 4–5, ECF No. 3-6.[1] At present, Defendant is identified only by an IP address and has not yet been served. Having considered the Motion, the attachments thereto, and the applicable law, the Court GRANTS Plaintiff's Motion.

## BACKGROUND

Strike 3 Holdings owns the rights to certain adult entertainment films that are available on the internet. *See* Mem. in Supp. at 4; Compl. ¶ 31, ECF No. 1. On April 9, 2018, Strike 3 Holdings filed a Complaint against Defendant contending that Defendant, identified only by an

---

[1] Page numbers cited in this Memorandum Opinion reference the ECF page numbers present in the header of the document.

IP address, had allegedly stolen and distributed twenty-three of Strike 3 Holdings' films.  Compl. ¶¶ 1, 4.  Strike 3 Holdings learned of the actions of Defendant's IP address through an investigator, IPP International U.G., which Strike 3 Holdings had hired to monitor copyright infringing activity.  Mem. in Supp. at 4; *see also* Mot., Ex. B ("Fieser Decl.") ¶¶ 4–7, ECF No. 3-2.

Strike 3 Holdings knows Defendant's IP address, but contends that only Defendant's Internet Service Provider ("ISP"), RCN, would be able to provide further identifying information.  *See* Mem. in Supp. at 4; *see also* Mot., Ex. C ("Pasquale Decl.") ¶ 10; Notice of Errata, Susan B. Stalzer's Decl. ("Stalzer Decl.") ¶ 11, ECF No. 4-1.  Accordingly, Strike 3 Holdings has sought leave to serve a Rule 45 Subpoena on RCN in order to "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service."  Mem. in Supp. at 4–5.  In its Motion, Strike 3 Holdings also proposes that the Court issue a protective order to establish procedural safeguards to protect the Defendant's privacy.  *Id.* at 11.

## LEGAL STANDARD

### A.    Expedited Jurisdictional Discovery

Federal Rule of Civil Procedure 26 permits a party to seek discovery in advance of a Rule 26(f) conference "when authorized . . . by court order."  FED. R. CIV. P. 26(d)(1).  Courts in this district have authorized such discovery upon a showing of "good cause."  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 18-600 (TJK), 2018 WL 1730308, at *1 (D.D.C. Apr. 10, 2018); *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014).  Evaluating whether good cause exists to permit expedited discovery falls within trial judges' "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir.

2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)) (internal quotation marks omitted).

A plaintiff who seeks discovery before the Rule 26(f) conference in order to identify a defendant "is in essence seeking jurisdictional discovery." *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016) (citing *Exquisite Multimedia, Inc. v. Does 1-336*, No. 11-1976 (RWR/JMF), 2012 WL 177885, at *1 (D.D.C. Jan. 19, 2012)).  To obtain jurisdictional discovery, a plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[]." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)) (internal quotation marks omitted); *see also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (quoting *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (noting that jurisdictional discovery is warranted only if the plaintiff "reasonably demonstrates that it can supplement its jurisdictional allegations through discovery" (internal quotation marks omitted)).

### B.      Issuance of Protective Orders

Federal Rule of Civil Procedure 26 permits the Court, upon a showing of "good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  The party requesting the protective order bears the burden of showing good cause "by demonstrating specific evidence of the harm that would result." *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 274–75 (D.D.C. 2001); *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998); *see also Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C), *on reconsideration*, 232 F.R.D. 6 (D.D.C. 2005) (reconsidering a separate proposition).  Protective orders may be used to "limit the manner in which . . .

confidential information is to be revealed." *Univ. of Mass. v. Roslin Inst.*, 437 F. Supp. 2d 57, 60 (D.D.C. 2006).  *See generally United States v. All Assets Held at Bank Julius Baer & Co.*, 312 F.R.D. 16, 22 (D.D.C. 2015) (discussing accommodation of confidentiality interests in discovery under Rule 26(c)).  Trial courts have broad discretion to issue and set the terms of a protective order.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Keaveney v. SRA Int'l, Inc.*, No. 13-00855, 2017 WL 1842544, *2 (D.D.C. May 3, 2017).

## ANALYSIS

### A.      Strike 3 Holdings' Request for Expedited Discovery

Good cause exists to permit Strike 3 Holdings to conduct limited expedited discovery. Strike 3 Holdings must determine Defendant's identity in order to serve Defendant and for this matter to proceed.  *See* Mem. in Supp. at 8–9; *see, e.g.*, *Malibu Media*, 177 F. Supp. 3d at 557 (citing *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008)) (finding good cause for expedited discovery where "Defendant must be identified before this suit can progress further"); *see also Strike 3 Holdings, LLC v. Doe*, No. 17-cv-2347 (TJK), 2018 WL 385418, at *2 (D.D.C. Jan. 11, 2018).  Strike 3 Holdings knows the IP address that Defendant has used, but has no further identifying information.  *See* Stalzer Decl. ¶ 11; Fieser Decl. ¶ 7; Pasquale Decl. ¶¶ 7–10.  RCN, as Defendant's ISP, is the "only entity that can correlate the IP address to its subscriber and identify Defendant."  Pasquale Decl. ¶ 10; *see also* Stalzer Decl. ¶ 11.  Thus a subpoena directed at RCN appears to be the only means for Strike 3 Holdings to discover Defendant's identity.

The Court also must evaluate whether a good faith basis exists to believe that this Court will have personal jurisdiction over Defendant.  Strike 3 Holdings' claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*, which "does not provide for the exercise of personal

jurisdiction over alleged infringers on any basis." *Malibu Media*, 177 F. Supp. 3d at 556 (citing *Exquisite Multimedia, Inc.*, 2012 WL 177885, at *2).  Accordingly, Strike 3 Holdings must establish this Court's personal jurisdiction over Defendant "on the reach of District of Columbia law." *Id.*; *see* FED. R. CIV. P. 4(k)(1)(A).  District of Columbia law confers personal jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  D.C. CODE § 13-422. Additionally, the District of Columbia long-arm statute provides, in relevant part, that a D.C. court may exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's — (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia."  D.C. CODE § 13-423(a)(3); *see also Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 38 n.3 (D.D.C. 2011) (noting that it is "well settled in this jurisdiction that a claim for copyright infringement sounds in tort"). Applying those principles to a copyright infringement case such as this, "the only conceivable way that personal jurisdiction might properly be exercised" over Defendant is if Defendant is a "resident[] of the District of Columbia or at least downloaded the copyrighted work in the District."  *AF Holdings*, 752 F.3d at 996.

Strike 3 Holdings persuasively argues that a good faith basis exists to believe that this Court would have personal jurisdiction over Defendant.  "[G]eolocation services" may be used to "estimate the location of Internet users based on their IP addresses."  *AF Holdings*, 752 F.3d at 996; *see also Nu Image, Inc.*, 799 F. Supp. 2d at 40 ("Plaintiff can establish such a good faith basis for residence or personal jurisdiction by utilizing geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant.").  Strike 3 Holdings used geolocation technology to trace Defendant's IP

address to a physical address in the District of Columbia.  *See* Mem. in Supp. at 9; Compl. ¶ 9.

That provides a basis to believe that Defendant may be located in the District of Columbia, or at

a minimum downloaded the allegedly infringing files in the District of Columbia.

For the foregoing reasons, Strike 3 Holdings has demonstrated that good cause exists to

allow expedited discovery, and that it is reasonably likely that this Court will have personal

jurisdiction over Defendant.  Accordingly, the Court will permit Strike 3 Holdings to serve a

Rule 45 subpoena upon the ISP, RCN, subject to the conditions identified below.  *See infra* Part

C.

### B.      Strike 3 Holdings' Request for a Protective Order

Strike 3 Holdings also "encourages" the Court to issue a "protective order establishing

procedural safeguards such as allowing a defendant to proceed anonymously" in this matter.

Mem. in Supp. at 11.  The party requesting a protective order bears the burden of showing good

cause for its issuance.  *See Alexander*, 186 F.R.D. at 75.  Strike 3 Holdings has failed to meet this

burden.

Strike 3 Holdings has a policy "to keep confidential the identity of not only [its]

subscribers, but even those [it is] pursuing for copyright infringement," based on its desire to

protect the consumer's personal choice to view adult content.  Mot., Ex. A ("Lansky Decl.")

¶ 33, ECF No. 3-1.  However, Strike 3 Holdings has not proffered any facts that would indicate

that Defendant wishes to remain anonymous, or that there is any reason to fear that Defendant

may have been misidentified as having downloaded or accessed adult content.  *See generally*

*Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y 2012) (issuing protective order

and citing, *inter alia*, concern that "many of the names and addresses produced in response to

Plaintiff's discovery request will not in fact be those of the individuals who downloaded" the

copyrighted adult video).  Strike 3 Holdings simply notes that other courts have issued a protective order when appropriate and does not explain why such an order would be appropriate in this case.  *See* Mem. in Supp. at 11.  Therefore, Strike 3 Holdings has not made "a specific demonstration of facts in support of the request" for a protective order, and instead relies on "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one."  *Alexander*, 186 F.R.D. at 75; *see also Huthnance v. District of Columbia*, 255 F.R.D. 285, 296 (D.D.C. 2008).

Once Defendant receives notice of the subpoena and this litigation, Defendant may well assert an interest in anonymity that would warrant the issuance of a protective order.  However, the filings currently on the record do not establish good cause for issuing such an order.  Accordingly, the Court declines Strike 3 Holdings' request for a protective order.  However, to avoid prejudicing Defendant's ability to seek such an order in the future, the Court will restrict Strike 3 Holdings' disclosure of the Defendant's name for a limited period of time as explained below.  *See infra* Part C.

### C.    Procedures Governing Expedited Discovery

For the foregoing reasons, the Court will permit Strike 3 Holdings to serve a Rule 45 subpoena upon RCN, in order to obtain the identity of the individual associated with IP address 66.44.31.160.  The subpoena may seek identifying information including the individual's name, current and permanent address, and e-mail address.  Strike 3 Holdings shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoena.  Any information disclosed to Strike 3 Holdings in response to a Rule 45 subpoena may be used by Strike 3 Holdings solely for the purpose of protecting Strike 3 Holdings' rights as set forth in the Complaint.

If and when the ISP is served with a subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscriber in question at least fourteen (14) days prior to releasing the subscriber's identifying information to Strike 3 Holdings.  If the ISP and/or Defendant would like to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than forty-five (45) days from the date of service.  The ISP shall preserve any subpoenaed information, pending the resolution of any timely filed motion to quash.

If the Defendant wishes to proceed anonymously in this litigation, Defendant shall make that request through a motion for protective order.  Any such motion shall be filed within thirty (30) days of when Defendant receives written notice of the subpoena from the ISP.  The motion requesting anonymity may be filed under seal if it contains information identifying the Defendant.  If the motion is filed under seal, or is not filed electronically, Defendant shall serve a copy upon counsel for Strike 3 Holdings.

To preserve Defendant's ability to seek a protective order, Strike 3 Holdings shall refrain from identifying Defendant's name on the public docket for a period of thirty (30) days after receiving the subscriber's identifying information from the ISP.  On or before June 30, 2018, Strike 3 Holdings shall file a status report with the Court briefly outlining its progress, including providing an expected completion date of the discovery allowed by the accompanying Order and addressing whether Strike 3 Holdings has received any formal or informal requests for anonymity from Defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby grants Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 3, but declines to issue a protective order.  A separate Order will accompany this Memorandum Opinion.

Dated: <u>May 14, 2018</u>          _____

                                         ROBIN M. MERIWEATHER
                                         UNITED STATES MAGISTRATE JUDGE